NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA FRANKLIN SNYDER, | No. 18-55887 |
| Plaintiff-Appellant, | D.C. No. ED CV 15-817-DSF (SP) |
| v. | |
| RIVERSIDE COUNTY, a Public Entity, in its official capacity, ET AL., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 14, 2020**
Pasadena, California

Before: EBEL,*** WARDLAW, and OWENS, Circuit Judges.

Joshua Franklin Snyder appeals the district court's grant of summary

judgment to the defendants (collectively "Riverside") and subsequent dismissal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

with prejudice of his 42 U.S.C. § 1983 action alleging he was subject to unsanitary conditions while being held as a pretrial detainee at two detention centers, in violation of his Eighth and Fourteenth Amendment rights. The district court found that Snyder failed to exhaust his administrative remedies prior to filing suit, as is required by the Prisoner Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e(a), and dismissed the case with prejudice.

We exercise our jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo, viewing the evidence "in the light most favorable to the non-moving party." San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys., 568 F.3d 725, 733 (9th Cir. 2009).

The PLRA requires "prisoners who claim denial of their federal rights while incarcerated to exhaust prison grievance procedures before seeking judicial relief." Porter v. Nussle, 534 U.S. 516, 519 (2002); see § 1997e(a). As prisoners are only required to exhaust "such administrative remedies as are available," § 1997e(a), proper exhaustion is not an overwhelming hurdle; "[c]ompliance with prison grievance procedures . . . is all that is required by the PLRA to 'properly exhaust.'" Jones v. Bock, 549 U.S. 199, 218 (2007). A prisoner's failure to exhaust his administrative remedies is an affirmative defense to a suit governed by the PLRA. Id. at 216. When a defendant asserts failure to exhaust, this court applies a burden-shifting framework. Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014) (en

2

banc) (explaining that once the defendant proves that the plaintiff did not exhaust a generally available administrative remedy, the burden shifts to the plaintiff to show "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him").

Both below and on appeal, Snyder has consistently asserted that he was dissuaded from following the detention center's grievance policy by information that he received from detention center officials, thus rendering the generally available process effectively unavailable to Snyder, thereby making summary judgment inappropriate. See Ross v. Blake, 136 S. Ct. 1850, 1859–60 (2016). We agree, and we reverse.

Riverside's grievance process has four levels, and Snyder's backflushing grievance reached the second level; thus, for Snyder to meet his burden under the PLRA, he must show that the last two steps of the grievance process were effectively unavailable to him. We conclude that he has made such a showing, at least for summary judgment purposes.

First, the evidence viewed in the light most favorable to Snyder shows that he did not know of the full appeals process, as he was "always" told to mark grievances as resolved and, if he was not satisfied at steps one and two, then to fill out another grievance. It was not until after he filed the grievance at issue here that Snyder learned that the correct procedure was to appeal an unresolved grievance,

rather than filing a new one. Snyder's statement that he never received the prison inmate orientation manual containing the official grievance policy, which we must accept as true at this stage, also supports this assertion.

Second, the bottom of the grievance form—which states "If grievance 'has not' been resolved, forward to Operations Lieutenant or Facility Commander"— neither mentions an appeal nor provides any indication as to the purpose of forwarding the grievance. Indeed, the statement appears to give direction only to the reviewing deputy and not to the grieving inmate, who presumably does not have ready access to either an Operations Lieutenant or the Facility Commander.

Finally, Snyder's conduct throughout his time at the detention centers supports his assertion. When the plumbers failed to fix the backflushing, Snyder marked the grievance as resolved even though it plainly was not resolved. Additionally, while Snyder filed twenty-four grievances, Snyder never filed a single appeal pursuant to the official grievance policy until after the proper procedure was explained to him, well after his failure to pursue steps three and four of the grievance matter in dispute here.

Taking these facts and drawing all reasonable inferences in Snyder's favor, as we must, a reasonable factfinder could conclude that the last two levels of the grievance process were effectively unavailable to Snyder because, once he reached that point in the process, he was directed by prisoner officials to essentially give up

4

and start again.  Hence, Snyder presented adequate evidence to defeat summary

judgment that he exhausted all <u>available</u> administrative remedies as required by the

PLRA.[1]  Judgment as a matter of law at this stage of this proceeding is therefore

inappropriate.[2]

**REVERSED AND REMANDED**.

---

[1] We do not hold that Snyder has, in fact, exhausted his available administrative remedies; we merely hold that, taking the record before us in the light most favorable to Snyder, he has exhausted his available remedies.  There may be additional factual development that would lead to a different outcome, but we leave that for the district court to determine.

[2] Because the district court's order did not reach Riverside's alternative argument that it is entitled to summary judgment on the merits of Snyder's claims, we leave it to the district court to address that issue in the first instance on remand.